# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES HAFEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Lead Case No.:  7:08-CV-585-RDP** |
| } | |
| **FRANKLIN COUNTY ALABAMA** } | |
| **COUNTY COMMISSION, et al.,** } | |
| } | |
| **Defendants.** } | |

---

| | |
|---|---|
| **JAMES HAFEY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Member Case No.:  3:09-CV-695-RDP** |
| } | |
| **LARRY PLOTT, Franklin County** } | |
| **Sheriff, in his individual capacity,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Reconsideration (08-CV-585 Doc. #26), filed March 2, 2009, and Defendants' Motion to Dismiss (09-CV-695 Doc. #2), filed April 10, 2009.  For the reasons outlined below, Plaintiff's motion is due to be denied, Defendants' motion is due to be granted, and all claims asserted by Plaintiff are due to be dismissed with prejudice.

**I.      Background**

On April 4, 2008, Plaintiff filed his Complaint (Doc. #1)¹ against the "Franklin County Jail," alleging that he had been denied medical care while incarcerated at the Franklin County Jail ("Jail") in violation of the Fourteenth Amendment to the United States Constitution.²  The "Franklin County

---

¹ Unless otherwise indicated, document numbers refer to documents filed in the lead case, *Hafey v. Franklin County Jail*, 7:08-CV-585-RDP.

² As more fully explained in this court's previous memorandum opinion, Plaintiff's complaint more properly should be viewed as asserting a cause of action based upon a violation of Plaintiff's constitutional rights under the Eighth Amendment.  The Eleventh Circuit has held:

> [a] government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment, *see Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979), while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  We have held that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir.1985).  Because both Eighth Amendment cases and Fourteenth Amendment cases establish what constitutes "deliberate indifference," we will rely upon decisions in both types of cases.

*Lancaster v. Monroe County, Ala.* 116 F.3d 1419, 1425, n. 6 (11th Cir. 1997); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) ("'Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.' *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996). But it makes no difference whether [Plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving . . . pretrial detainees.' *Id*.").  Because Plaintiff was a convicted prisoner at the time of the alleged tortious acts, the court treats his claims as asserting a violation of the Eighth Amendment's Cruel and Unusual Punishment clause rather than a violation of the Due Process Clause of the Fourteenth Amendment.  Once again, because the standard is the same, decisional law from Fourteenth Amendment pretrial detainee cases is also applicable.

Jail" filed a Motion to Dismiss (Doc. #5) on the grounds that the "Franklin County Jail" is not an entity capable of being sued. On May 30, 2008, Plaintiff filed a Response to Defendants' Motion to Dismiss (Doc. #9) in which he agreed with that position. Plaintiff was granted leave to amend his Complaint, and did so on July 11, 2008. In his amended complaint, Plaintiff named as a defendant Franklin County, Alabama County Commission ("Commission"). In addition to his original claim for denial of medical care during his incarceration at the Jail,[3] Plaintiff has alleged six additional violations of Alabama law, all presumably arising out of the denial of medical care: negligence, negligent hiring, negligent supervision, outrage, intentional infliction of emotional distress, and breach of an implied contract.

On July 21, 2008, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Doc. #12).

On September 20, 2008, Plaintiff moved to join defendants designated as the "Franklin County Alabama Sheriff's Office" and the "Franklin County, Alabama, Sheriff [Sheriff Larry Plott] in his individual and official capacity."

On February 5, 2009, this court entered a memorandum opinion (Doc. #24) and order (Doc. #25) granting Plaintiff's motion for joinder (which the court treated as Plaintiff's Second Amended Complaint) and granting Defendants' motion to dismiss, dismissing Plaintiff's § 1983 claims against Sheriff Larry Plott in his individual capacity without prejudice and against all other defendants with prejudice. Further, the court, having determined that there was no basis for federal jurisdiction over Plaintiff's remaining state law claims, dismissed any remaining state law claims without prejudice.

---

[3]Plaintiff's Amended Complaint also mentions for the first time the jurisdictional prerequisite 42 U.S.C. § 1983 (1996).

On March 2, 2009, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 60, requesting that the court revisit the decisions to: (1) dismiss Sheriff Plott in his individual capacity; and (2) decline to retain supplemental jurisdiction over the state law tort claims. (Doc. #26).[4]  Without seeking leave of court, Plaintiff filed an amended complaint along with his motion. (Doc. #27).  In accordance with the court's briefing order (Doc. #28), Defendants filed their response on March 16, 2009.  (Doc. #29).  Plaintiff did not file a reply, bringing this motion under submission on March 19, 2009.

On March 2, 2009, Plaintiff also filed a complaint in the Circuit Court of Franklin County, Alabama (Case No. CV-09-040) against "Franklin County Sheriff Larry Plott, in his individual capacity, and fictitious parties A, B, C., etc., unknown Franklin County Jail Staff Members, who denied and delayed medical treatment to Plaintiff on or about April 5 to 9, 2006, in their individual capacities."  (09-CV-695 Doc. #1).[5]  The complaint in that case is virtually identical to the unauthorized Third Amended Complaint filed in this court.  Defendants' removed the case to this court on April 10, 2009 (*id*.) and contemporaneously filed a motion to dismiss, incorporating their

---

[4] At fourteen pages, this motion, filed by Plaintiff's attorney, is longer than all of Plaintiff's previous pleadings combined including all responses to Defendants' motions to dismiss.  This illustrates that Plaintiff's counsel is capable of drafting a substantial pleading and simply chose not to do so until after his client's claims had been dismissed.

[5] This complaint prays for unspecified relief under the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and the common law of Alabama.  As indicated above, Plaintiff's claims are properly brought for violations of the cruel and unusual punishment clause of the Eight Amendment.  Try as it might, the court cannot identify a single claim Plaintiff would have under any other constitutional provision identified.  Rather, the court regards this a mere shotgun pleading, and these claims are due to be dismissed on timeliness grounds as they were filed outside the relevant statute of limitations for a personal injury action.

arguments from their response to Plaintiff's motion for reconsideration in the lead case, *Hafey v. Franklin County Jail*, Case No. 08-CV-585.  (09-CV-695 Doc. #2).

On May 28, 2009, the court consolidated the two cases, *Hafey v. Franklin County Jail*, Case No. 08-CV-585 and *Hafey v. Plott*, Case No. 09-CV-695, pursuant to Rule 42(a)(2).  (Doc. #31).

The court entered a briefing order on Defendants' Motion to dismiss on June 5, 2009 (Doc. #32). Thereafter, Plaintiff filed a one-page response to the motion on June 12, 2009 (09-CV-695 Doc. #5), bringing the motion under submission pursuant to the briefing order.  These motions are now ripe for consideration.

**II.     Standard of Review**

   **A.     Motion for Reconsideration**

Plaintiff has moved for the court to reconsider its previous judgment under Federal Rule of Civil Procedure 60(b), which provides, in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .

FED. R. CIV. P. 60(b)(1).  "The rule encompasses mistakes in the application of the law." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) (*citing Oliver v. Home Indemnity Co.*, 470 F.2d 329 (5th Cir. 1972)).

The district court may entertain a motion made under Rule 60(b), in its discretion, in order to provide for a more efficient use of judicial resources.  "It seems that absent the chance of serious injury to the rights of any party, the possible saving of judicial energies warrants the use of such a discretionary reconsideration by the district court." *Parks*, 677 F.2d at 840.

**B.    Motion to Dismiss**

Defendants have challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. The *Twombly* rule is not limited to the antitrust context. As the Supreme Court recently held, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 127 S.Ct. at 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

The Supreme Court recently revisited *Twombly* in *Iqbal*, clarifying the proper approach when evaluating a motion to dismiss under Rule 12(b)(6). The Court identified two working principles underlying *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 127 S.Ct. at 1955] . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not

6

> permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949-50 (some citations omitted).

As reaffirmed in *Iqbal*, in deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (*citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)); *see also Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal citation omitted)). As the *Iqbal* Court identified as the first principle underlying the *Twombly* decision, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (*citing Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as

true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Communications Corp.*, 274 F.Supp.2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

### III.   Relevant Factual Allegations

As noted in the previous memorandum opinion, the facts giving rise to this case involve an apparent hernia rupture suffered by Plaintiff while incarcerated at the Franklin County Jail. However, confusion over the date of the alleged incidents in Plaintiff's first two complaints has been cleared up in the filing of his unauthorized Third Amended Complaint and his Complaint filed in the Franklin County Circuit Court. In these documents, Plaintiff clearly states that the facts giving rise to his claims occurred in early April 2006.[6]

---

[6] Again, Plaintiff's complaint in 09-CV-695 and his unauthorized Third Amended Complaint in 08-CV-585 betray substantial problems in the drafting of each pleading. Paragraph three (3) in Plaintiff's preliminary statement avers: "Defendants denied and delayed [Plaintiff] access to medical treatment and medical case on or about April 6 to 9, 2006." (09-CV-695 Doc. #1 at 7). On the very next page, in the recitation of the facts, Plaintiff alleges that his symptoms began on April 3, 2006 and he was denied access to medical care until he received emergency surgery on April 5, 2006. (*Id*. at 8). Plaintiff then identifies the interval between April 3 and April 5 as a "3-day delay in medical treatment." (*Id*. at 9).
    The nearly identical complaint Plaintiff filed in the lead case shows even less proficiency. Its preliminary statement is identical to that of the state court complaint, claiming Plaintiff was denied medical treatment on or about April 6 to 9, 2006 (Doc. #27 at 3). This time, however, the recitation of facts claims that Plaintiff's symptoms began on April 6, 2006, but "after three days of . . . needless suffering . . . Plaintiff had emergency surgery for an apparent hernia rupture on or about **April 05, 2006**." (*Id*. at 4) (emphasis supplied). (The court is fully aware that the complaint must be read liberally in favor of Plaintiff. However, that does not require the court to assume that the staff at the Franklin County Jail sent Plaintiff back in time for emergency surgery). What is clear is that the relevant activities giving rise to Plaintiff's claims took place in April 2006, not 2007 (as stated in Plaintiff's First Amended Complaint). Thus, unlike in the previous opinion and order entered by this court, it is established that – at least for purposes of determining whether Plaintiff's claims are barred by the statute of limitations – the relevant events that form the basis of Plaintiff's claims occurred no later than April 9, 2006.

8

### IV. Discussion

#### A. Motion for Reconsideration

Plaintiff argues that the court should revisit its decision to dismiss Sheriff Larry Plott in his individual capacity because of a mistake of law. Specifically, Plaintiff argues that he did not have to meet a heightened pleading standard. However, Plaintiff fails to identify any mistake in the district court's application of established Eleventh Circuit precedent. Rather, Plaintiff admits that the Eleventh Circuit has in fact required heightened pleading when a claim is asserted under § 1983 against an entity that can raise a qualified immunity defense. *See, e.g., Swann v. Southern Health Partners,* Inc., 388 F.3d 834, 837 (11th Cir. 2004); *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998).

In light of this Eleventh Circuit precedent, Plaintiff is left to argue that the court should ignore this Eleventh Circuit case law and adopt the position of other circuit courts. However, a motion for reconsideration filed in the district court under Rule 60 is not the appropriate vehicle to challenge Eleventh Circuit precedent. "A party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks*, 677 F.2d at 840. Rather, Plaintiff should have filed a timely appeal, presented his arguments to the Eleventh Circuit, and sought to have it change its position on the matter. In any event, applying established Eleventh Circuit precedent is not a mistake of law under Rule 60(b) and the court reaffirms its previous decision to dismiss Plaintiff's complaint for failing to be pled with requisite particularity. This point is moot, however, because, as explained below,

Plaintiff's claims which were dismissed without prejudice in the court's previous order are due to be dismissed with prejudice on timeliness grounds.[7]

### B. Motion to Dismiss

Defendants argue that Plaintiff's Complaint is due to be dismissed against all remaining Defendants because the claims asserted are barred by the statute of limitations. As explained above, the events that form the basis of Plaintiff's complaint occurred no later than April 9, 2006. Therefore, the statute of limitations ran on these claims on or before April 9, 2008. *See, e.g., Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994) (affirming summary judgment for defendants because prisoner's claim, alleging denial of medical care and visitation privileges, was time-barred under Alabama's two year statute of limitations for personal injury actions, *see* Ala. Code 1975 § 6-2-38(l)). Though Plaintiff's original complaint was filed on April 4, 2008, the only Defendant listed was "Franklin County Jail." (Doc. #1). Plaintiff then filed an amended complaint on July 11, 2008 changing the name of the defendant to "Franklin County, Alabama County Commission." (Doc. #11-1). Plaintiff did not seek to join Sheriff Plott as a defendant until he filed his Second Amended Complaint (styled as a Motion for Joinder) on September 20, 2008. (Doc. #19). In order for Plaintiff's claims against Sheriff Plott to be timely, Plaintiff's September 20, 2008 amendment must relate back to the original pleading pursuant to Federal Rule of Civil Procedure 15(c), thus allowing

---

[7] In fact, the only issue decided in the previous opinion that could possibly be classified as a "mistake" is the timeliness issue, based upon Plaintiff's defective First Amended Complaint which inaccurately identified April 2007 as the operative time of the occurrence. However, to the extent that the timeliness issue was incorrectly decided by the court (owing to Plaintiff's counsel's lax pleading), that issue will be revisited and resolved in this opinion under the "Motion to Dismiss" heading.

the amendment to adopt the original Complaint's filing date and not be time-barred by statutes of limitations or similar provisions.

Rule 15 identifies two possible ways in which an amended pleading can relate back to an earlier pleading. First, relation back is permitted when the law imposing the statute of limitations itself permits relations back.[8] *See Makro Capital of America, Inc. v. USB AG*, 543 F.3d 1254, 1258 (11th Cir. 2008); FED. R. CIV. P. 15(c)(1)(A). Second, an amendment changing the party or the name of the party relates back to the original complaint when the claims to be asserted arise out of the same conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading and:

> **(C)** . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C).

### i. Mistake

If the "mistake" element in 15(c)(ii) is not met, "there can be no relation back regardless of whether other requirements, such as notice and lack of prejudice to the joined party, are met." *Wayne v. Jarvis*, 197 F.3d 1098, 1103 n.5 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). This Rule is intended to allow a plaintiff to "correct a formal defect

---

[8] Plaintiff cannot employ this option because Rule 15(c) of the Alabama Rules of Civil Procedure does not provide a more lenient relation back doctrine than does the federal rule.

such as a misnomer." FED. R. CIV. P. 15, Comments to 1991 Amendment. It does not apply to "a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." *Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998) (*citing Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir.1997). Furthermore, "Rule 15(c) was never intended…to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation." *Sims v. Montgomery County Comm'n*, 873 F.Supp. 585 (M.D. Ala. 1994) (*citing Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857 (9th Cir. 1986)).

The courts in this circuit have consistently held that an amendment will not relate back when, rather than simply changing or correcting the name of a party, it actually attempts to add a new, distinct entity as a defendant. For example, in *Wayne*, the Eleventh Circuit refused to allow a plaintiff to add several deputy sheriffs who placed him into a cell where he claimed that they knew he would be attacked because of, *inter alia*, his homosexuality. 197 F.3d at 1102. The *Wayne* court held that the fact that the plaintiff was apparently not aware of the identity of these deputy sheriffs "was not a mistake concerning the identity of the proper party," but rather a result of the plaintiff's ignorance as to the deputies' potential liability. *Id.* at 1103; *see also Williams v. Lee County, Ala.*, 78 F.3d 491, 494 (11th Cir. 1996) (affirming denial of motion to amend to add three additional corrections officers as defendants in a case alleging deliberate indifference to the risk that the plaintiff's decedent would commit suicide on the basis that such amendment would not relate back); *Sims*, 873 F. Supp. at 611-12 (refusing to allow amendment of complaint on relation back grounds when the plaintiff sought to add individual capacity claims against a sheriff and deputy who had previously been sued only in their official capacities).

The history of this case makes it clear that Plaintiff cannot be said to have merely made a "mistake" in naming the Defendants in this action within the meaning of the Federal Rules of Civil Procedure. Instead, he has repeatedly attempted to add, at different times during the course of almost a year, various completely independent (and, in some cases, nonexistent) entities. It seems that he was unaware, until September 2008, that "liability of Plaintiff's injuries may flow from the actions of additional Defendants" – *i.e.*, Sheriff Plott. (Doc. #19, ¶ 4). It cannot be said that Plantiff was not aware of Sheriff Plott's identity or – at the very least – his position. Rather, Plaintiff was apparently ignorant as to the potential "responsibility for the harm alleged." *Powers*, 148 F.3d at 1227 (*citing Rendall-Speranza*, 107 F.3d at 918). This sort of ignorance does not fit into the Rule's allowance for mistakes concerning the identity of a party. Therefore, neither Plaintiff's Second Amended Complaint (Doc. #19), nor his unauthorized Third Amended Complaint (Doc. #27) relates back to the original Complaint; therefore, both are untimely. Likewise, the Complaint in the recently consolidated case (09-CV-695 Doc. #1), cannot relate back under Rule 15.

### ii. Notice and Knowledge

Rule 15(c)(1)(C) requires notice to be given to the party within the applicable period provided for in Rule 4(m) and that the party knew or should have known that the action would have been brought against him. Thus, even if Plaintiff's omission of Sheriff Plott was a "mistake" under Rule 15, the amended pleadings still would not relate back if Sheriff Plott was not provided with requisite notice so that he would know (or should have known) of the action brought against him. FED. R. CIV. P. 15(c)(1)(C). "[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro*, 543 F.3d at 1260 (*citing Davenport v. United States*, 217 F.3d 1341, 1345 n. 8 (11th Cir. 2000)).

Because Plaintiff's original Complaint was filed on April 4, 2008, Sheriff Plott must have received notice that he would be sued by August 2, 2008 in order for Plaintiff's claims to relate back in accordance with Rule 15(c)(1).[9] Of course, the Motion for Joinder/Second Amended Complaint (the first pleading implicating Sheriff Plott in any way) was not filed until September 20, 2008, and therefore is not, in and of itself, sufficient to provide such notice. Neither was the original Complaint nor the First Amended Complaint, asserted against the Franklin County Jail and the Franklin County, Alabama County Commission, respectively, sufficient to put Sheriff Plott on notice that the claims contained therein would be asserted against him in his individual capacity. Because nothing in Plaintiff's filings prior to that date gave Sheriff Plott notice that he would be sued in his individual capacity, none of the pleadings naming Sheriff Plott individually as a defendant can relate back to the original Complaint. Therefore, Plaintiff cannot meet the notice and knowledge requirements of Rule 15(c) and his untimely pleadings against Sheriff Plott do not relate back to his original Complaint. Because Plaintiff's claims are untimely and do not relate back to a timely-filed pleading, they are due to be dismissed.

### C.  Fictitious Parties

Plaintiff has sought to sue not only Sheriff Plott, but also several fictitious party Defendants, including "John Doe Franklin County Jail Staff Members." (Doc. 27 at ¶ 11). Under circumstances such as this, because fictitious party practice is not allowed in the federal courts, these Defendants are due to be stricken and claims asserted against them dismissed. *See* FED. R. CIV. P. 10(a). ("[i]n

---

[9] The relevant period of time for purposes of Rule 15 are those laid out by Rule 4(m): "**Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."

the Complaint, the title of the action shall include the names of all the parties. . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) (holding fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike fictitious parties).

**V.     Conclusion**

As explained above, Plaintiff's motion for reconsideration is due to be denied. However, because the court finds that Plaintiff's claims not previously dismissed with prejudice are untimely and do not relate back to the original timely complaint, all claims not previously dismissed with prejudice are due to be dismissed with prejudice. All claims against fictitious party Defendants are also due to be dismissed on the separate and independent ground that fictitious party practice is not permitted in the federal courts. A separate order will be entered contemporaneously with this memorandum opinion.

**DONE** and **ORDERED** this ____19th____ day of June, 2009.

                                                                                    _____
                                                                                    **R. DAVID PROCTOR**
                                                                                    UNITED STATES DISTRICT JUDGE